UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>OMAR KHALED,<br>    also known as "Abu Luay," and<br>LUAY KHALED | CASE NUMBER: 18 CR 863<br><br>Hon. Thomas M. Durkin |

# **PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the motion of the government, pursuant to Federal Rule of Criminal Procedure 16(d), it is hereby ORDERED:

1. Certain materials exchanged by the Parties, provided by the United States, or produced by third parties, in preparation for, or in connection with the proceedings in this case contain particularly sensitive information ("Sensitive Information"). Sensitive Information includes, but is not limited to: (1) nonparty names, addresses, dates of birth, driver's license numbers, social security numbers, and other identifying information; (2) nonparty medical records and reports of interviews with treating physicians; (3) statements by, and reports from interviews of, individuals who have been or are cooperating with the government's investigation; and (4) any information that might disclose the identity of a cooperating individual.

2. All materials containing Sensitive Information (the "Materials"), including those previously produced to the defendant in this case, are subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and

for no other purpose, and in connection with no other proceeding, without further order this Court.

3. The Materials shall be plainly marked as sensitive by the government prior to disclosure. Defendant, defendant's counsel, and the government shall not disclose the Materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, the person to whom the sensitive information solely and directly pertains, and other persons to whom the Court may authorize disclosure (collectively referred to as "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

4. Absent prior permission from the Court, information marked as sensitive shall not be included in any public filing with the Court, and instead shall be submitted under seal (except if the defendant chooses to include in a public document sensitive information relating solely and directly to the defendant).

5. Defendant, defendant's counsel, and other persons to whom the Court may authorize disclosure, shall not copy or reproduce the Materials except in order to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

6. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of

the Materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original Materials.

7. Before providing the Materials to an authorized person, defense counsel must provide the authorized person with a copy of this Protective Order.

8. Upon conclusion of all stages of this case, all of the Materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The Materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such Materials. In the event that the Materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the Materials are so maintained, and the Materials may not be disseminated or used in connection with any other matter without further order of the Court.

9. To the extent any Material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the Material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such Material if in hard copy, and in the case of electronic Materials, shall certify in writing that all copies of the specified Material have been deleted from any location in which the Material was stored.

10. The restrictions set forth in this Protective Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at trial or in any other court proceeding.

11. The restrictions set forth in this Protective Order also do not limit the government's or defense counsel's use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses specially identified sensitive information as described in Paragraph 1, above, shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

12. Nothing contained in this Protective Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

_____
THOMAS M. DURKIN
U.S. District Court Judge
United States District Court
Northern District of Illinois

Date: 2/7/2019